## LEARY v. CITY OF NEW YORK.

### No. 17074.

District Court, E. D. New York.

May 7, 1945.

Hagen & Eidenbach, of New York City (Charles W. Hagen and Nelson J. Johnson, both of New York City, of counsel), for libelant.

Ignatius M. Wilkinson, Corporation Counsel, of New York City (Herbert B. Lee and Edwin M. Bourke, both of New York City, of counsel), for City of New York.

KENNEDY, District Judge.

In a memorandum dated March 13, 1945, I suggested that counsel submit findings of

---

fact and conclusions of law. Both sides did this. I have, however, prepared my own findings of fact and conclusions of law. I treated the proposed findings of fact and conclusions of law submitted by counsel in the same way as I would a memorandum on the facts in the case.

I mention this merely because the proposed findings of the respondent contain a great many items which the evidence in the case in no way bears out. In my decision and findings I rely very largely on the testimony of the respondent's own representative, Captain Patrick McCarthy, whose testimony I thought was completely honest. During his testimony at the trial this witness was actually enraged by the suggestion that either he had been a party to the acceptance of a defective scow, or that he had attested (in the outgoing survey) to items of damage that could have been produced by ordinary wear and tear. At times he could scarcely contain himself.

A great many of the proposed findings of the respondent find their explanation in the fact that, as the evidence discloses, in matters relating to the hiring of scows one municipal department was at loggerheads with another. This resulted in a great many belated contentions by respondent about unseaworthiness, alleged failure to report damage by scow-men and runners, omissions from the log of the Grabit, and all sorts of speculative matter which are reflected in respondent's proposed findings.